# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| GUY M. SIEWE and GABRIEL R. SIEWE, | |
| Plaintiffs, | |
| v. | CASE NO: 1:21-cv-00079-CC-JSA |
| FAY SERVICING, LLC; CIVIC FINANCIAL SERVICES, LLC; MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS LLC; and BLACKSTONE RESIDENTIAL OPERATING PARTNERSHIP, LP | |
| Defendants. | |

## DEFENDANT MORGAN STANLEY'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Morgan Stanley Mortgage Capital Holdings LLC ("Morgan Stanley") respectfully submits this Memorandum of Law, along with the concurrently filed Request for Judicial Notice ("RJN") [Dkt. 4], in support of its Motion to Dismiss Plaintiffs' Complaint in its entirety.

## PRELIMINARY STATEMENT

This foreclosure avoidance action arises from a mortgage lender's alleged breach of an oral promise to lend money to a limited liability company owned by

Plaintiffs Guy M. Siewe and Gabriel Siewe (collectively, the "Siewes"). As an initial matter, in filing their Complaint, the Siewes committed the unauthorized practice of law because they are not attorneys, yet in an attempt to conduct end run around the rule that business entities may not proceed *pro se* in litigation, they impermissibly seek redress in their personal capacities for alleged injuries to Quick Wave, LLC ("Quick Wave"), a limited liability company managed by Guy Siewe. Despite the density of the Siewes' *pro se* Complaint, it does not allege a single act or omission on the part of Morgan Stanley arising from its role as the former assignee of the security deed on the real property owned by Quick Wave that is at the heart of the issues in this suit.

In March 2019, Quick Wave purchased the single-family residence located at 54 Finch Drive SE, Atlanta, Georgia 30315 (the "Property") as an investment property to repair and rent out. At first blush, the gravamen of the Siewes' Complaint appears to be an alleged oral promise made by an unnamed employee of Defendant Civic Financial Services, LLC ("Civic Financial") that if Quick Wave refinanced an existing loan with a new loan originated by Civic Financial, then in twelve months' time, Civic Financial would give Quick Wave a thirty-year mortgage or a twelve month extension to the previous loan term. However, it quickly becomes apparent in reading the Complaint that the Siewes are, in actuality, seeking to avoid

foreclosure following Quick Wave's default on the loan, which Quick Wave ultimately obtained from Civic Financial in July 2019 (the "Loan"). The Siewes now seek to recover in their personal capacities for the alleged injuries to Quick Wave as a result of its inability to obtain further financing after the loan matured, which they dubiously attribute to Defendants.

The Siewes' shotgun pleading asserts a number of claims against all the past and present entities in the chain of title without any genuine effort to specify which Defendants are responsible for which acts or omissions. Confusingly, the Complaint includes multiple, unrelated claims in the same numbered cause of action, as well as allegations that sound in claims not listed in the headings to the causes of action. That said, Morgan Stanley understands the Complaint as asserting the following causes of action: (1) breach of contract (Count I); unspecified violations of unfair and deceptive business practices (also Count I); fraud in the concealment (Count II); promissory estoppel (also Count II); fraud in the inducement (Count III); unconscionable contract (Count IV); breach of fiduciary duty (Count V); quiet title (Count VI); slander of title (County VII); and declaratory relief (Count VIII).[1]

---

[1] Count I of the Complaint also asserts claims for "reasonable reliance" and "detrimental reliance." These are not legally cognizable standalone claims, and on that basis should be dismissed for failure to state a claim. Morgan Stanley does however acknowledge that reliance is an element of certain of Plaintiffs' other claims.

For the litany of reasons set forth below, the Complaint should be dismissed in its entirety with prejudice.

## STATEMENT OF UNCONTROVERTED FACTS

Plaintiff Guy Siewe is a manager of Quick Wave, LLC ("Quick Wave"), a Wyoming limited liability corporation that was administratively dissolved on May 9, 2020 for failure to file its required annual report. (RJN, Ex. A, Security Deed at p. 25; RJN, Ex. B, Wyo. Sec. of State Filing Information for Quick Wave.) The Complaint does not allege how Plaintiff Gabriel Siewe is involved with the claims and issues in this suit other than to state that both he and Guy Siewe have at all relevant times resided at the Property. (Compl. ¶ 2.) The Siewes have appeared *pro se*, and Quick Wave is not a plaintiff in this action.[2]

On March 28, 2019, DM Thompson Holdings, LLC conveyed the Property to Quick Wave by a Limited Warranty Deed recorded in the real property records of Fulton County, Georgia on March 29, 2019 in Book 59841 Page 106. (RJN, Ex. C, Limited Warranty Deed.) As collateral for a promissory note in the amount of $98,150.00, on March 28, 2019, Quick Wave executed and delivered to Paces Funding, LLC, a Deed to Secure Debt and Security Instrument on the Property.

---

[2] Guy Siewe and Gabriel Siewe are also not registered as attorneys licensed to practice law in G Georgia. *See* State Bar of Georgia Member Search at https://www.gabar.org/membersearchresults.cfm.

(RJN, Ex. D, Paces Funding Security Deed.) Guy Siewe signed this security deed on behalf of Quick Wave as its Manager, and it was recorded in the real property records of Fulton County, Georgia on March 29, 2019 in Book 59841 Page 107. (*Id.*)

On July 17, 2019, as collateral for the Loan in the amount of $129,600.00, Quick Wave executed and delivered to Civic Financial Services, LLC a Deed of Trust, Assignment of Leases and Rents, Security Agreement, and Fixture Filing on the Property (the "Security Deed"). (RJN, Ex. A.) The Security Deed was recorded in the real property records of Fulton County, Georgia on July 23, 2019 in Book 60301 Page 445. (*Id.*) Quick Wave promised to pay interest on the Loan in periodic payments and to pay the debt in full no later than August 1, 2020. (*Id.* at p. 2) Quick Wave also covenanted that it would own and hold the Property as an investment property. (*Id.* at p. 18 ¶ 5.3).

Shortly after the Loan was originated, on July 31, 2019, Civic Financial transferred its interest in the Property to HMC Assets, LLC solely in its capacity as separate trustee of Civic Holdings III Trust, through an Assignment of Security Deed (the "First Assignment"). (RJN, Ex. E, First Assignment.) The First Assignment was recorded in the real property records of Fulton County, Georgia on August 1, 2019 in Book 60301 Page 228. (*Id.*)

- 5 -

On September 20, 2019, HMC Assets, LLC solely in its capacity as separate trustee of Civic Holdings III Trust transferred its interest in the Property to Morgan Stanley Mortgage Capital Holdings LLC through an Assignment of Security Deed (the "Second Assignment"). (RJN, Ex. F, Second Assignment.) The Second Assignment was recorded in the real property records of Fulton County, Georgia on September 27, 2019 in Book 60573 Page 543. (*Id.*)

On February 26, 2020, Morgan Stanley transferred its interest in the Property to Blackstone Residential Operating Partnership LP ("Blackstone") through an Assignment of Security Deed (the "Third Assignment"). (RJN, Ex. G, Third Assignment.) The Third Assignment was recorded in the real property records of Fulton County, Georgia on February 27, 2020 in Book 61237 Page 197. (*Id.*)

After purchasing the Property, Quick Wave went about the business of rehabilitating the Property. (Compl., Aff. of Guy M. Siewe, at p. 31.) Guy Siewe avers that he was approached by Civic Financial at some unspecified time on or around July 2019 with a twelve-month loan offer. (*Id.*) Guy Siewe further avers that Civic Financial promised that after that loan matured in a year's time, it would either switch the loan to a new thirty-year loan or extend it for another twelve months if the rehab work was not complete and the Property could not be rented. (*Id.*) Importantly, this alleged oral promise occurred before Morgan Stanley ever acquired

its brief interest in the Property as the holder of the Loan and Security Deed in September 2019. (RJN, Ex. F.) In August 2019, Civic Financial transferred servicing rights for the Loan to Fay Servicing, LLC ("Fay Servicing"). (Compl., Aff. of Guy M. Siewe, at p. 31.)

Approximately, eleven months later, in anticipation of the August 1, 2020 maturity date of the Loan, Plaintiff allegedly contacted Fay Servicing in July 2020 to enquire about a long-term loan, but was instead offered an opportunity to apply for an extension to the existing Loan. (*Id.*) On August 1, 2020, the Loan matured. (*Id.*) However, the Siewes apparently assumed that the extension would be granted, and did not attempt to obtain additional financing for Quick Wave until September 11, 2020, when they learned that Quick Wave's application for extension was denied. (*Id.*) The Siewes allege that Quick Wave has been unable to obtain a new loan because of the unpaid balance on the Loan and the high loan-to-value ratio— all of which the Siewes attribute to Civic Financial's failure to provide a long-term loan or extension to Quick Wave. (*Id.* at 31-32.)

Plaintiffs filed their original Complaint in the Superior Court of Fulton County, Georgia on December 2, 2020. [*See* Dkt. 1, Ex. A] Morgan Stanley properly removed the action to this Court on January 6, 2021 based on diversity jurisdiction [Dkt. 1]. This motion to dismiss the Complaint in its entirety with prejudice follows.

## ARGUMENT

## I.    MOTION TO DISMISS STANDARD.

Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate if a Complaint fails to state a claim upon which relief can be granted. When evaluating a motion to dismiss, courts may consider the facts alleged in the Complaint and any documents attached to it. *Horsley v. Feldt*, 304 F.3d 1125, 1133-34 (11th Cir. 2002). A plaintiff's factual allegations are accepted as true, but legal conclusions are not. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that a court need not "accept as true a legal conclusion couched as a factual allegation").

To survive a motion to dismiss, plaintiff must provide the "grounds" of his "entitle[ment] to relief [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must at least "nudge [the] claims across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570, and state "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 679. Thus, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and, although such allegations need not create "probable"

grounds for a claim, they must establish "plausible" grounds. *Twombly*, 550 U.S. at 555.

## II.   THE COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY BECAUSE THE SIEWES HAVE NO STANDING TO SEEK REDRESS FOR QUICK WAVE'S ALLEGED INJURIES.

### A.   The Siewes Lack Standing to Sue for Alleged Claims and Injuries to Quick Wave.

The Siewes may not circumvent the public policy against limited liability companies appearing *pro se* by pursuing Quick Wave's claim in their individual capacities. *See, e.g., Taylor v. Moskow*, No. 13-12675-FDS, 2014 U.S. Dist. LEXIS 77272, at *11-12 (D. Mass. June 6, 2014) ("A member of an LLC cannot bring an action in his own name to enforce the rights or redress the injuries of the LLC."); *Mercu-Ray Industries, Inc. v. Bristol-Myers Co.*, 392 F. Supp. 16, 18 (S.D.N.Y. 1974) (dismissing suit brought by the single stockholder of a company who attempted to obviate the fact that his corporation was not represented by counsel by assigning all rights in the corporate causes of action to himself and then pressing those claims *pro se*); *Shamey v. Hickey*, 433 A.2d 1111, 1112-113 (D.C. App. 1981) ("As assignee of his corporation's claim, appellee, suing in his own name, was collecting for his corporation. This court will not permit the purchase of a debt to cloak representation of a corporation. With the benefits of incorporation there is the corollary requirement of representation through legal counsel.").

The gravamen of the Siewes' Complaint is Civic Financial's alleged oral promise to Guy Siewe in his capacity as Quick Wave's Manager to induce Quick Wave into the Loan. (Compl., Aff. of Guy M. Siewe, at p. 31) Moreover, the Siewes do not allege the existence of any contract between themselves personally and any of the Defendants. The Property is and has at all relevant times been owned by Quick Wave. (*See* Exs. A, C-G.) Guy Siewe does not appear to have any connection with the claims and allegations in this suit apart from his role as a manager of Quick Wave, and there are no allegations as to Gabriel Siewe's involvement in this suit other than a statement that he (and Guy Siewe) resides at the Property. (*See* Compl., ¶ 2; RJN, Ex. A.) Lastly, the Siewes have not plead any injury independent of the alleged injury to Quick Wave. For these reasons, the Complaint should be dismissed in its entirety with prejudice for failure to state a claim because the Siewes lack standing to seek redress in their individual capacities for the alleged injuries to Quick Wave.

## B.   Quick Wave Must Be Represented by an Attorney.

It is axiomatic that business entities, like a limited liability company, must be represented by an attorney. *See, e.g., Palazzo v. Gulf Oil Corp.*, 764 F2d 1381, 1385 (11th Cir. 1985); *Design by Grace, LLC v. Branch Banking & Trust Co.*, No. 1:11-CV-02210-AT-AJB, 2011 U.S. Dist. LEXIS 167632, at *5-6 (N.D. Ga. July 8,

2011). Courts routinely dismiss actions brought by non-lawyers on behalf of business entities, including limited liability companies. *See, e.g., Steele v. City of Bemidji*, 257 F.3d 902, 905 (8th Cir. 2001) (affirming dismissal of claims brought on behalf of corporation when such claims were brought by non-lawyer); *Design by Grace, LLC*, 2011 U.S. Dist. LEXIS 167632, at *5-6 ("Since Marshall has filed a lawsuit on behalf of herself and Design by Grace, LLC, she has engaged in the unauthorized practice of law, and the claims that Marshall, a non-lawyer, brings on behalf of Design by Grace, LLC must be dismissed); *Multi Denominational Ministry of Cannabis and Rastafari, Inc. v. Gonzales*, 474 F. Supp. 2d 1133, 1141 (N.D. Cal. 2007) (dismissing claims by non-profit corporation represented by non-lawyer).

In similar instances, this Court has denied *pro se* plaintiffs the chance to amend their complaint before dismissing the actions with prejudice. *See Design by Grace, LLC*, 2011 U.S. Dist. LEXIS 167632, at fn. 4 ("[I]t would be inappropriate to allow Design by Grace to amend the complaint. Courts have determined that where a party engages in the unauthorized practice of law, the defect cannot be amended because the original complaint is a nullity and professional competence and professional responsibility are the sine qua non of federal litigation and effective judicial response.").

In filing this Complaint in their individual capacities, the Siewes are skirting

the requirement that limited liabilities companies must be represented by attorneys. As argued above, the Siewes lack standing to bring the claims in the Complaint themselves. Moreover, based simply on the Siewes' quiet title and declaratory judgment claims to quiet title to the Property in their names, Quick Wave would be a required party. Dismissal of the Complaint without leave to amend is appropriate because the claims in this suit belong to Quick Wave, and when a party engages in unauthorized practice of law, that defect cannot be cured by amendment.

### III.   EACH AND EVERY CLAIM FAILS FOR MULTIPLE INDEPENDENT REASONS.

### A.   The Siewes Fail to State a Claim for Breach of Contract (Count I).

The Complaint does not expressly assert a claim for breach of contract, although the allegations in Count I sound in breach of contract. To the extent the Court interprets the Complaint as asserting a breach of contract claim premised on a breach of the Security Deed, or any of the subsequent assignments, such claim fails as a matter of law and must be dismissed because there is no privity of contract between the Siewes and Civic Financial, or with any assignees of the Loan and the Security Deed, or with Fay Servicing as the servicer of the Loan.

"Under Georgia contract law, the doctrine of privity of contract requires that only parties to a contract may bring suit to enforce it." *Murray v. ILG Techs., LLC*, 378 F. Supp. 3d 1227, 1237 (S.D. Ga. 2019); *Wirth v. Cach, LLC,* 300 Ga. App. 488,

685 S.E.2d 433, 434 (Ga. Ct. App. 2009). "As a general rule, one not in privity of contract with another lacks standing to assert any claims arising from violations of the contract." *Dominic v. Eurocar Classics*, 310 Ga. App. 825, 714 S.E.2d 388, 391 (Ga. Ct. App. 2011); *see* O.C.G.A. § 9- 2-20(a). Here, it is undisputed that the Siewes are not parties to the Security Deed or any of the subsequent assignments, and are thus not in contractual privity with any of the Defendants, including Morgan Stanley. (*See* RJN, Exs. A, E-G.) Consequently, the Siewes lack standing to sue for a breach arising under any of these contracts or instruments.

To the extent the Court construes the Complaint as alleging any breach of a parol agreement between Civic Financial and Quick Wave related to Civic Financial's alleged promise to give Quick Wave a thirty-year mortgage or an extension of the Loan, such agreement would not be binding under the statute of frauds. Under Georgia's statute of frauds, no "commitment to lend money" is "binding on the promisor" unless it is "in writing and signed by the party to be charged therewith." O.C.G.A. §§ 13-5-30(7); *see Ogburn v. Chase Home Fin. LLC*, No. 1:11-CV-1856-TWT, 2011 U.S. Dist. LEXIS 132721, at *2 (N.D. Ga. Nov. 16, 2011) (borrower's claim that lender promised to refinance a mortgage was barred when borrower failed to allege that a written contract existed). Here, the Siewes have not alleged the existence of any written contract memorializing Civic Financial's

alleged promise. Notwithstanding the Siewes' lack of standing, any oral agreement by Civic Financial promising to lend money at the end of the Loan term is non-binding on Civic Financial and its assigns under the statute of frauds and cannot serve as the basis for a breach of contract claim.

**B.    The Siewes' Unconscionable Contract Claim (Count IV) Fails for the Same Reason as the Breach of Contract Claim.**

The Siewes' largely incoherent claim for a purported unconscionable contract alleges that certain actions by Civic Financial in originating the Loan "forced, tricked, and mislead [the Siewe's] into parting with their property." (Compl. ¶ 72.) However, this claim fails as a matter of law for many of the same reasons as the breach of contract claim. First, the claim presupposes the existence of a contract, but the Siewes have not alleged the existence of a specific contract in which they are in privity with Defendants. Second, the Siewes have not alleged any facts specific to Morgan Stanley, nor do they even mention Morgan Stanley. Third, there are no allegations to support a finding of either procedural or substantive unconscionability.

"Georgia law sets a high bar for the finding of unconscionability." *Clark v. Aaron's, Inc.*, 914 F. Supp. 2d 1301, 1311 (N.D. Ga. 2012). The Georgia Supreme Court has affirmatively held that, "[a]n unconscionable contract is such an agreement as no sane man not acting under a delusion would make, and that no honest man would take advantage of." *R. L. Kimsey Cotton Co., Inc. v. Ferguson*,

233 Ga. 962, 214 S.E.2d 360, 363 (1975). "Unconscionable conduct must shock the conscience." *Mitchell v. Ford Motor Credit Co.*, 68 F. Supp. 2d 1315, 1318 (N.D. Ga. 1998).

Georgia courts generally require a finding of both procedural and substantive unconscionability. *Clark*, 914 F. Supp. 2d at 1310. Here, the only allegation related to procedural unconscionability is a vague and conclusory statement that "through a consciousness of innocence The Siewe's [sic] was at a special disadvantage when attempting to grant an alternate means of collection via the Security Instrument real property lien Mortgage to Fay Servicing, LLC." (Compl. ¶ 77.) There are also no plausible allegations related to substantive unconscionability. The Siewes allege that in the course of their negotiations over the Loan with Civic Financial (which they erroneously refer to as Fay Servicing), Civic Financial indicated the following: (1) "specific criteria such as FICO score and other industry underwriting requirements must be met in order to qualify for a loan of money;" (2) "a preliminary signature on the Mortgage loan contract was required to 'lock in' an interest rate regarding the terms of the purported loan;" and (3) "Fay Servicing, LLC, ., [sic] successor to the originator on the contract was in fact acting solely in the capacity as Accommodated Party account debtor beneficiary for a purported loan of money." (Compl. ¶¶ 74-76.) This is hardly conduct that would "shock the conscience." *See Clark*, 914 F. Supp.

- 15 -

2d at 1311. Rather, they describe a lender's ordinary and customary residential mortgage lending practices. For all these reason, the Siewes have failed to state a claim for unconscionable contract as a matter of law.

**C.    The Siewes Fail to State a Claim for Violations of Unfair and Deceptive Business Practices (Count I).**

Count I of the Complaint combines a claim for "unfair and deceptive business practices" with two other unrelated claims for "reasonable reliance" and "detrimental reliance." Notably, the Siewes have not identified any specific state or federal statute under which they base their claim for unfair and deceptive business practices. This alone warrants dismissal because notice pleading requirements require the Siewes to plead the specific statute and provision which they allege Defendants to have violated. *See Twombly*, 550 U.S. at 555-57 (holding that a complaint must describe a claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests); *Ingram v. Green & Cooper, Attys. L.L.P.*, No. 1:11-cv-03475-TWT-RGV, 2012 U.S. Dist. LEXIS 71163, at *11 (N.D. Ga. April 20, 2012) (dismissing debtor's Fair Debt Collection Practices Act (FDCPA) claim because the complaint did not identify a single specific provision of the FDCPA that defendants allegedly violated and thus did not give defendants fair notice of the claim and the grounds upon which it rested). The Siewes' generic allegation that Defendants violated some unspecific unfair and deceptive business

practices does not provide fair notice of their claim, and forces Defendants to speculate as to the specific statute and provision they are alleged to have violated— whether that be the Georgia Uniform Deceptive Trade Practices Act (O.C.G.A. § 10-1-370 *et seq.*), the Georgia Fair Business Practices Act (O.C.G.A. § 10-1-390 *et seq.*), or something else. Lastly, dismissal of Morgan Stanley is warranted because there are no specific allegations regarding Morgan Stanley, much less how any unfair or deceptive business practices occurred during Morgan Stanley's brief ownership of the Loan and Security Deed from September 20, 2019 to February 26, 2020. (RJN, Exs. F-G.)

## D.   The Siewes Fail to State a Claim for Promissory Estoppel (Count II).

The Siewes seek to stop foreclosure of the Property through enforcement of vague "unfulfilled" promises, but their promissory estoppel claim fails as a matter of law for multiple reasons. First, the Complaint does not provide Defendants with fair notice of the grounds upon which it rests because the Siewes do not identify any specific promise that was made, nor do they plausibly identify which Defendant made such promise.[3] *See Twombly*, 550 U.S. at 555-57. Second, the nature in which the Siewes have plead this claim under the same cause of action as their fraudulent

---

[3] Any allegation that "Respondent Fay Servicing, LLC, the originator" originated the Loan is directly contravened by the Security Deed, which shows that the Loan was instead originated by Civic Financial. (*See* RJN, Ex. A.)

concealment claim further inhibits Defendants' ability to ascertain the grounds upon which the claim rests and to formulate a responsive pleading. *See id.* Third, "[p]romissory estoppel does not . . apply to vague or indefinite promises, or promises of uncertain duration. *Ga. Invs. Int'l, Inc. v. Branch Banking & Trust Co.*, 700 S.E.2d 662, 664 (Ga. Ct. App. 2010) (affirming trial court's summary judgment on promissory estoppel claim because lender's alleged promises constituted a loan for a certain duration, the promise was vague as to other material terms, particularly the interest rate); *see Reuben v. First Nat. Bank of Atlanta*, 247 S.E.2d 504, 507 (Ga. Ct. App. 1978) (promise to make loan with no specification of interest rate or maturity date was unenforceably vague). Here, the Siewes fail to support their promissory estoppel claim with factual allegations regarding the material terms of any loan promised by Civic Financial, including the interest rate, which renders such promise vague and unenforceable. *See Ga. Invs. Int'l, Inc.*, 700 S.E.2d at 664; *Reuben*, 247 S.E.2d at 507. For all these reasons, the Siewes have failed to state a claim for promissory estoppel as a matter of law.

**E.    The Siewes Fail to State a Claim for Fraud in the Concealment (Count II).**

The Siewes' fraud in the concealment claim attempts to detail alleged concealment and misrepresentation of facts by Civic Financial (which the Siewes erroneously attribute to Fay Servicing) in originating the Loan in July 2019.

Importantly, Morgan Stanley is not mentioned once by name, and is only referred to indirectly by vague allegations that "Defendants were aware of the misrepresentations and profited by them" and that "Defendants' actions were malicious and done willfully in conscious disregard of the rights and safety of the The Siewe's [sic] in that the actions were calculated to injure The Siewe's [sic]." (Compl. ¶¶ 57, 60.)

> The tort of fraud has five elements: a false representation by the defendant, scienter, an intention to induce the plaintiff to act or refrain from acting, justifiable reliance by the plaintiff, and damage to the plaintiff.

*Anderson v. Atlanta Comm. for Olympic Games, Inc.*, 584 S.E.2d 16, 21 (Ga. Ct. App. 2003). "The five elements of a fraud claim also apply to a fraudulent concealment claim." *Lucky Capital Mgmt., LLC v. Miller & Martin, PLLC*, 762 Fed. Appx. 719, 724 (11th Cir. 2019). In fraudulent concealment actions, "the allegedly defrauded party must prove that the alleged defrauder had actual, not merely constructive, knowledge of the fact concealed." *ReMax N. Atlanta v. Clark*, 244 Ga. App. 890, 894, 537 S.E.2d 138, 142 (2000) (citing *Webb v. Rushing*, 194 Ga. App. 732, 733(1), 391 S.E.2d 709(1990)).

Under Fed. R. Civ. P. 9(b), "a party alleging fraud must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), "a plaintiff must allege (1) the precise statements, documents, or misrepresentations

made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the plaintiff; and (4) what the defendant gained by the alleged fraud." *Am. Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1291 (11th Cir. 2010). A complaint that fails to meet this standard requires dismissal. *See Thomas v. Pentagon Fed. Credit Union*, 393 Fed. Appx. 635, 638 (11th Cir. 2010) (affirming trial court's dismissal because plaintiff failed to allege facts with sufficient particularity, did not identify any specific statements made by defendant, and failed to identify the time, place, and person responsible for the misrepresentations or omissions).

As an initial matter, the Siewes' fraud in the concealment claim should be dismissed as a matter of law, at least as to Morgan Stanley, because it is related to the origination of the Civic Financial Loan in July 2019, which predates Morgan Stanley's brief interest as the holder of the Loan and Security Deed from September 20, 2019 to February 26, 2020. (*See* Compl. ¶¶ 51-52; RJN, Exs. F-G.)  Second, the Siewes failed to plead damages with anything other than conclusions—alleging they were "damaged in an amount to be proven at trial, including but not lied [sic] to costs of Loan, damage to The Siewe's [sic] financial security, emotional distress, and The Siewe's [sic] have incurred costs and attorney's fees." (Compl. ¶ 58.) Such a statement fails to show how Morgan Stanley is liable for any purported damages

stemming from the allegations related solely to the origination of the Loan, much less show justifiable reliance on any alleged false representation by Morgan Stanley. Lastly, the allegations fail to satisfy Rule 9(b)'s heightened pleading standard because there are no allegations setting forth precisely what information was allegedly concealed, much less any allegations regarding the time and place of each statement, or the specific nature of the alleged fraud. *See Broglin v. Carrington Mortg. Servs., LLC*, No. 17-103040, 2017 Ga. Super. LEXIS 3074, *7-9 (Nov. 3, 2017) (dismissing fraud in the concealment claim against mortgage servicer as to alleged misrepresentations by mortgage originator because the allegations did not relate to the servicer, and the plaintiff failed to plead with particularity any purported damages from the alleged misrepresentations or the specific facts constituting the fraud). For all these reasons, the Siewes' fraud in the concealment claim fails to state a claim as a matter of law.

## F.      The Siewes' Fraud in the Inducement Claim (Count III) Fails for the Same Reason as the Fraud in the Concealment Claim.

The Siewes' fraud in the inducement claim is premised on alleged misrepresentations made by Defendants with respect to their authority to exercise the power of sale provision in the Security Deed, and that Defendants misrepresented their status as holders and owners of the Loan and Security Deed. (Compl. ¶¶ 62-63.) This claim should be dismissed as to Morgan Stanley because there are

absolutely no factual allegations against Morgan Stanley, and it is not plausible that Morgan Stanley could have fraudulently induced Quick Wave into the Loan in July 2019 when Morgan Stanley only acquired its ownership interest in the Loan and Security Deed in September 2019. (*See* RJN, Exs. A, F.)

As with the fraud in the concealment claim, the Siewes have also failed to plead this claim with particularity. Notably, they do not allege how Defendants misrepresented their entitlement to exercise the power of sale in the Security Deed, or how Defendants misrepresented their status as the holder and owner of the Note and Security Deed. (*See* Fed. R. Civ. P. 9(b); Compl. ¶¶ 62-63.). Lastly, the Siewes plead the same conclusory damage allegations as with their claim for fraud in the concealment. (*See* Compl. ¶ 67.) For all these reasons, the Siewes' fraud in the inducement claim fails as a matter of law and should be dismissed with prejudice.

## G. The Siewes' Breach of Fiduciary Duty Claim (Count V) Fails as a Matter of Law.

The Siewes' breach of fiduciary duty claim appears directed at Fay Servicing, and apparently relates to some past or pending foreclosure. However, the allegations reference entities and facts that do not appear elsewhere in the Complaint or in the chain of title (e.g. "First Bank" and "this sale of two properties on June 2, 2020 during a Covid19 pandemic constitutes a 'chilled sale'"), which leads Morgan Stanley to believe that they were copied and pasted from an unrelated pleading. (*See*

Compl. ¶¶ 95-96.)

In any event, Georgia law has long held that no fiduciary relationship exists merely because of the existence of a lender-borrower relationship. *Moore v. Bank of Fitzgerald*, 225 Ga.App. 122, 483 S.E.2d 135 (1997). And here, the Siewes have not alleged any facts sufficient to substantiate the existence of a fiduciary duty on the part of any Defendants, including Morgan Stanley. Accordingly, Plaintiff's breach of fiduciary duty claim fails to state a claim as a matter of law.

## H.   The Siewes' Slander of Title Claim (Count VII) Fails as a Matter of Law.

The Siewes' slander of title claim against all Defendants is based on Civic Financial's recording of the Security Deed. Under Georgia law, "*[t]he owner of any estate in lands* may bring an action for libelous or slanderous words which falsely and maliciously impugn his title if any damages accrues to him therefrom." O.C.G.A § 51-9-11 (emphasis added). However, the Siewes have alleged no facts to show that they personally have any ownership interest in the Property, rather than Quick Wave's record ownership in the real property records of Fulton County. (*See* RJN, Ex. C.) Moreover, the claim is wholly unsupported by any facts as to why the Siewes believe that recording of the Security Deed constitutes libelous or slanderous words, or how it falsely and maliciously impugns Quick Wave's record title. *See Iqbal*, 556 U.S. at 679 ("[t]hreadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice."); *Adams-Brown v. Caliber Home Loans, Inc.*, No. 1:7-CV-2326-AT-JSA, 2018 U.S. Dist. LEXIS 65629, at *34-35 (N.D. Ga. Jan. 5, 2018) (dismissing slander of title claim that was entirely unsupported by facts other than the mere recording of the instrument itself). Lastly, the Siewes cannot plausibly state a claim for slander of title arising from the Security Deed against Morgan Stanley because Morgan Stanley did not record the Security Deed, and was not a party to the Security Deed. (*See* RJN, Ex. A.) For all these reasons, the Siewes' slander of title claim fails as a matter of law and should be dismissed with prejudice.

## I.    The Siewes' Quiet Title and Declaratory Judgment Claims (Counts VI and VIII) Fail as a Matter of Law.

The Siewes' claim for quiet title, and the nearly identical request for declaratory judgment, seek to quiet title to the Property in the Siewes' names, but they both fail as a matter of law. First, the Siewes have not alleged any facts to show that they (as opposed to Quick Wave) have any interest in the Property. Second, the Siewes have not plead any facts to show that Morgan Stanley has, or claims, any interest in the Property. In fact, as evidenced by the Complaint, Morgan Stanley transferred its interest in the Loan and Security Deed to Blackstone on February 26, 2020. (*See* RJN, Ex. G.) Third, declaratory relief is only appropriate when it is necessary to "protect the plaintiff from uncertainty and insecurity with regard to the

propriety of some future act or conduct." *Henderson v. Alverson*, 217 Ga. 541 (1962). Dismissal is proper when, as here, the party seeking the declaratory judgment cannot not show that it is in a position of uncertainty as to an alleged right. *See Baker v. City of Marietta*, 271 Ga. 210, 214 (1999). The Siewes' declaratory judgment and quiet title claims seek to avoid foreclosure of the Property, but Quick Wave's default on the Loan cannot serve as the basis for any uncertainty with respect to the Siewes and the Property. *See Milani v. OneWest Bank, FSB*, 491 F. App'x. 977, 979 (11th Cir. 2012) ("No uncertainty exists about any future action by Plaintiff in this case; Plaintiff has already defaulted on repayment of the Loan. On the facts of this case, a declaratory judgment is unavailable because all material rights have accrued based on past events and what Plaintiff seeks is an advisory opinion on the validity of the future act of another party."). For all these reasons, the Siewes' claims for quiet title and declaratory judgment fail to state a claim and should be dismissed.

## <u>CONCLUSION</u>

Accordingly, this Court should dismiss Plaintiffs' Complaint in its entirety with prejudice.

Respectfully submitted, this 13th day of January, 2021.

/s/ John D. Elrod
John D. Elrod
Georgia Bar No. 246604
elrodj@gtlaw.com

Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
Telephone: (678) 553-2100
Facsimile: (678) 553-2212

**Attorneys for Defendant,**
**Morgan Stanley Mortgage Capital Holdings LLC**

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1</u>

I HEREBY CERTIFY that I prepared the foregoing in Times New Roman,

14-point font, as approved by Local Rule 5.1.

<div style="margin-left: 40%;">

*/s/ John D. Elrod*
John D. Elrod
Georgia Bar No. 246604
Counsel for Defendant

**GREENBERG TRAURIG, LLP**
3333 Piedmont Road, NE
Suite 2500
Atlanta, GA 30305

</div>

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| GUY M. SIEWE and GABRIEL R. SIEWE, <br><br> Plaintiffs, <br><br> v. <br><br> FAY SERVICING, LLC; CIVIC FINANCIAL SERVICES, LLC; MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS LLC; and BLACKSTONE RESIDENTIAL OPERATING PARTNERSHIP, LP <br><br> Defendants. | CASE NO: 1:21-cv-00079-CC-JSA |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, I caused a true and correct copy of the forgoing **DEFENDANT MORGAN STANLEY'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** to be served upon the pro se plaintiffs via overnight mail addressed as follows:

Guy Siewe
54 Finch Dr.
Atlanta, GA 30315

Gabriel Siewe
54 Finch Dr.
Atlanta, GA 30315

Guy Siewe
2542 Sibley Drive NE
Atlanta, GA 30324

This 13th day of January, 2021

*/s/ John D. Elrod*
John D. Elrod