IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GUY M. SIEWE and GABRIEL R. SIEWE, | : | CIVIL ACTION NO. |
| | : | 1:21-CV-0079-CC-JSA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| FAY SERVICING, LLC, *et al.*, | : | **FINAL REPORT AND** |
| | : | **RECOMMENDATION ON A** |
| Defendants. | : | **MOTION TO DISMISS** |

Plaintiffs brought this case in the Superior Court of Fulton County, Georgia, *pro se*. Plaintiffs allege that Defendant Civic Financial Services, LLC ("Civic") breached a promise to extend a mortgage loan relating to an investment property in Atlanta, Georgia, which breach has wrongfully subjected the property to foreclosure. Plaintiffs sue Civic and various other entities named in the chain of title.

This action is now before the Court upon two motions to dismiss together comprising all four Defendants: one motion (the "Fay Motion" [3]) filed jointly by Defendants Fay Servicing, LLC ("Fay"), Civic Financial Services, LLC ("Civic"), and Blackstone Residential Operating Partnership, LP ("Blackstone") and another motion (the "Morgan Stanley Motion" [5]) filed by Defendant Morgan Stanley Mortgage Capital Holding, LP ("Morgan Stanley"). These motions demonstrate based on the allegations in and documents attached to the Complaint, as well as other public records for which the Court may take judicial notice, that the named Plaintiffs

are not the parties in interest with standing to sue. Rather, the property is held and all relevant transactions have been conducted by a limited liability company, Quick Wave, LLC. Neither Plaintiff can state a personal claim regarding the property and the alleged loan, and that neither Plaintiff purports to, or properly can, bring claims *pro se* on behalf of Quick Wave. Thus, the motions request that the claims be dismissed for failure to state a claim and/or lack of subject matter jurisdiction under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiffs have not responded to either motion, indicating that they are unopposed. *See* LR 7.1(B), NDGa. Nevertheless, the undersigned has evaluated the motions on their merits. The Court agrees with Defendants that Plaintiffs fail to state a claim on behalf of themselves and have no standing to bring any claim on behalf of Quick Wave. Accordingly, the Court **RECOMMENDS** that the Motions [3][5] be **GRANTED** and that all claims be **DISMISSED WITHOUT PREJUDICE** to a claim by a proper party in interest, as explained further explained below.

I.   BACKGROUND

Plaintiffs Guy M. Siewe and Gabriel R. Siewe, proceeding *pro se*, filed this action in the Superior Court of Fulton County on December 2, 2020, and served Morgan Stanley with the summons and Complaint on December 8. On January 6,

2021, Morgan Stanley unilaterally removed the case to this Court based on diversity jurisdiction.[1] Thereafter, all Defendants moved to dismiss Plaintiffs' claims.

In the Complaint, Plaintiffs assert against Defendants claims of promissory estoppel, fraud in the concealment, fraud in the inducement, unconscionability, breach of fiduciary duty, and slander of title, and relatedly seek to quiet title and obtain declaratory relief. The following facts are taken from the Complaint, its attached documents, and public documents that Defendants have filed with their motions, the authenticity of which have not been disputed. *See Laskar v. Peterson*, 771 F.3d 1291, 1295 n.3 (11th Cir. 2014); *Universal Express, Inc. v. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) (*per curiam*); *see also Rohde v. Bank of Am., N.A.*, No. 1:12-CV-3059-SCJ, 2014 WL 11485915, at *1 n.1 (N.D. Ga. May 30, 2014) (considering publicly recorded deeds while adjudicating a motion to dismiss).

---

[1] Removal is permitted only when all defendants named and served in a state action affirmatively consent at the time of removal or within 30 of being served with the summons and complaint. *See* 28 U.S.C. § 1446(b)(2)(A); *Govan v. Tale Carolinas, Inc.*, 114 F. Supp. 3d 1183, 1186 (N.D. Ala. 2017); *Clyde v. Nat'l Data Corp.*, 609 F. Supp. 216, 218 (N.D. Ga. 1985). It is unclear whether this procedural requirement was satisfied. Fay, Civic, and Blackstone did not join Morgan Stanley's Notice of Removal and have not otherwise indicated express consent to removal. However, the record is silent as to if and when they were properly served. In any case, no party has raised any objection to removal on these technical, rather than jurisdictional, grounds. Remand for failure to comply with the unanimous consent requirements of the removal statute would therefore be inappropriate. *See Stone v. Bank of N.Y. Mellon, N.A.*, 609 F. App'x 979, 981 (11th Cir. 2009) (*per curiam*).

Plaintiff Guy Siewe is the manager of Quick Wave, LLC, a limited liability company based in Wyoming. Compl. [1-1] at 31; Exh. B [4-2]. On March 28, 2019, an entity known as DM Thompson Holdings, LLC executed a limited warranty deed in favor of Quick Wave as to the property located at 54 Finch Drive SE, Atlanta, GA 30315. Exh. C [4-3] at 1. The next day, Quick Wave executed a security deed in favor of Paces Funding, LLC, with the property serving as collateral for a loan of $98,150, an amount which was to mature one year from that date. Exh. D [4-3] at 2. On July 17, 2019, Quick Wave executed another security deed in favor of Civic to secure a loan for $129,600, which was also to mature one year later, Compl. [1-1] at 5–6. The deed also stipulated that the property was to be used only for investment purposes, Exh. A [4-1] at 18.[2] In an affidavit attached to the Complaint, Guy Siewe alleges that Civic "promise[d]" him at the time of the loan that they would "switch to a 30 years loan or extend the loan 12 more month[s]" if, at its original maturity date, a planned refurbishing of the property had not been completed and the property had not been rented out. Compl. [1-1] at 7. The deed itself does not include these statements, and rather states that "the loan [to Quick Wave] is payable in full at [its

---

[2] In the Complaint, Plaintiffs simultaneously describe the property as an "investment property" and allege that they are residents of the property. Compl. [1-1] at 4, 8.

4

August 2020] maturity . . . the Lender is under no obligation to refinance the loan at that time." Exh. A [1-1] at 17.

What followed was a series of assignments of the interests and rights created by the July 27, 2019 deed. On July 31, 2019, Civic transferred its security interest to HMC Holdings, LLC. Compl. [1-1] at 25–26. In August 2019, Civic transferred the servicing rights over the loan to Fay. *See id.* at 7. On September 20, 2019, HMC Holdings, LLC transferred the security interest to Morgan Stanley, Exh. F [4-6], which finally transferred the interest to Blackstone in February 2020, Exh. G [4-7]. In May 2020, Guy Siewe states that he approached Civic about making good on its alleged promise to extend the term of its loan, which was approaching its August 2020 maturity date. Compl. [1-1] at 7. Civic allegedly told him to contact Fay, the entity to which it had transferred the loan's servicing rights. *Id.* Fay refused to extend the term of the loan past August 2020 and demanded its repayment in full. *Id.* Plaintiffs say that they sought more favorable financing terms from other lenders but were unable to secure any refinancing of the loan. *Id.*

Plaintiffs argue that Civic and Fay should be held to the alleged oral promise to refinance the loan and that their failure to heed the alleged promise constitutes fraud. *See* Compl. [1-1] at 8–22. They further argue that the loan agreement at issue is unconscionable and that the several assignments of the servicing and security

interests created by the loan render illegitimate its acceleration and any attempted foreclosure of the property. *See id.*

## II. DISCUSSION

Fay, Civic, and Blackstone move to dismiss Plaintiffs' claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that Plaintiffs lack standing. Morgan Stanley has filed its own motion to dismiss, similarly arguing that Plaintiffs are not the proper parties to their claims. Morgan Stanley, however, does not couch this argument in jurisdictional terms, and instead argues that Plaintiffs' claims should be dismissed on their merits under Rule 12(b)(6).

### A. *Standards on Motions to Dismiss*

#### 1. Under Rule 12(b)(1)

Federal courts have limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations and internal quotation marks omitted). Under Rule 12(b)(1), the Court must dismiss an action if it lacks subject matter jurisdiction to hear a plaintiff's claims. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Courts are to presume that they lack subject-matter jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citations and internal quotation marks omitted).

Attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms: facial attacks and factual attacks. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990); *see also Hulsey v. Gunn*, 905 F. Supp. 1067, 1070 (N.D. Ga. 1995). "Facial attacks" on the complaint require "the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence*, 919 F.2d at 1529 (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). "Factual attacks," on the other hand, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.*

The Eleventh Circuit has held that these two types of attack "differ substantially." *Id.* "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion—the court must consider the allegations of the complaint to be true." *Id.* (quoting *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)). A factual attack under Rule 12(b)(1) challenges subject matter jurisdiction "irrespective of the pleadings." *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). In resolving a 12(b)(1) factual attack, a court is "free to independently weigh facts" and consider evidence outside of the pleadings, so long as its conclusions do not implicate the merits of the plaintiff's claims. *Id.* at 925.

The Fay Motion argues that the Court lacks subject matter jurisdiction because Plaintiffs lack standing to bring the claims asserted here. Article III of the United States Constitution limits the judicial power of the courts of the United States to the adjudication of "Cases" and "Controversies." U.S. Const. Art. III §§ 1–2. Article III thus restricts the jurisdiction of the federal courts to cases involving litigants with standing to sue; that is, when there are "adverse parties with personal interest in the matter." *Nicklaw v. CitiMortgage, Inc.*, 839 F.3d 998, 1001 (11th Cir. 2016) (quoting Antonin Scalia, The Doctrine of Standing as an Essential Element of the Separation of Powers, 17 Suffolk U. L. Rev. 881, 882 (1983)); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). In other words, in order to litigate in federal court, "the plaintiff needs to show that the defendant harmed him, and that a court decision can either eliminate the harm or compensate for it." *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 924 (11th Cir. 2020) (*en banc*).

"The 'irreducible constitutional minimum of standing' comprises three elements: injury in fact, causation, and redressability." *Nicklaw*, 839 F.3d at 1001. A plaintiff has an injury-in-fact for purposes of the standing inquiry if he suffered an invasion of a legally protected interest that is concrete, particularized, and actual or imminent. *Id.* at 1002 (citing *Lujan*, 504 U.S. at 260).

"Because standing to sue implicates jurisdiction, a court must satisfy itself that the plaintiff has standing before proceeding to consider the merits of his or her

claim[.]" *Gardner v. Mutz*, 962 F.3d 1329, 1338–39 (11th Cir. 2020). Normally, "[a] plaintiff at the pleading stage, as the party invoking federal jurisdiction, bears the burden of establishing [standing] by alleging facts that plausibly demonstrate each element." *Tsao v. Captiva MVP Rest. Partners, LLC*, --- F.3d ---, 2021 WL 381948, at *3 (11th Cir. Feb. 4, 2021) (internal quotation omitted). However, when a defendant seeks to invoke federal jurisdiction by removing an action from state court to federal court, the burden is "indisputably their[s]." *Mittenthal v. Fla. Panthers Hockey Club, Ltd.*, 472 F. Supp. 3d 1211, 1222 (S.D. Fla. 2020).

      2.      Under Rule 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When evaluating a motion to dismiss under Rule 12(b)(6), the Court cannot consider matters outside of the pleadings, and must accept the allegations of the non-movant's pleadings as true, but "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Moreover, "a plaintiff's obligation to

provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).

*Iqbal* went on to instruct that, while a court must accept all factual allegations in a complaint as true, it need not accept as true legal conclusions recited in a complaint. Repeating that "only a complaint that states a plausible claim for relief survives a motion to dismiss" the Supreme Court advised that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (*quoting* Fed. R. Civ. P. 8(a)(2)) (other citations omitted).

Although the Supreme Court requires a plaintiff to allege sufficient facts to state a plausible claim for relief, because Plaintiffs are proceeding *pro se* in this case, the Complaint must be "liberally construed" when considering arguments asserted under Rule 12(b)(6). *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.*; *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do

justice"). Even though a *pro se* complaint is held to less stringent standards than formal pleadings drafted by attorneys, "the Court need not accept as true legal conclusions or unwarranted factual inferences." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2006).

As noted above, a court ordinarily cannot consider matters outside the pleadings when evaluating a motion to dismiss under Rule 12(b)(6), but when a plaintiff has referred to documents in the complaint and such documents are central to the plaintiff's claims, a court may consider those documents as part of the pleadings in the case and may consider them in resolving a motion to dismiss. *See Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the court may consider the documents part of the pleadings for the purposes of Rule 12(b)(6) dismissal").

Moreover, the Court may also take judicial notice of publicly-recorded deeds relevant to Plaintiffs' claims. *See Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (*per curiam*) (noting that a district court may take judicial notice of public records that are "not subject to reasonable dispute" because they are "capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned") (citing Fed. R. Evid. 201(b)); *Tuscano v. Evening Journal Assoc.*, 179 F. App'x 621, 623 n.3 (11th Cir. 2006).

B.    *Resolution of the Motions*

Plaintiffs' claims are premised on asserted property rights in real estate and contractual rights vis-à-vis a mortgage loan agreement with Civic. The Complaint alleges that "Plaintiff" owns the property at issue and that "Plaintiff" engaged in the transactions referred to in the Complaint. The Complaint also attaches an affidavit from Plaintiff Guy Siewe describing the conversations that he claims to have had with Civic about a mortgage extension or re-financing, which agreement Civic and/or other Defendants have supposedly breached.

The basic deficiency with Plaintiffs' claims is that, as the legal documents attached to the Complaint and otherwise properly introduced into the record by Defendants show, the property was owned and all transactions were conducted in a company name, Quick Wave, LLC. Plaintiffs do not purport to sue on behalf of Quick Wave and would not be permitted to do so *pro se* in any event. Thus, this action can only proceed to extent Plaintiffs have personal standing to assert any of the legal rights at issue. The record shows that they do not have such standing.

Injuries related to the property, the loan, and its attendant security interests suffered by Quick Wave are not injuries to Plaintiffs sufficient to confer on them standing to litigate those injuries in federal court. *See Johnson v. Ocwen Loan Servicing*, 374 F. App'x 868, 873–74 (11th Cir. 2010) (*per curiam*) (finding that a plaintiff challenging a foreclosure as fraudulent "fail[ed] to establish Article III

standing, because [they were] not a borrower or otherwise obligated on the . . . loan and, therefore did not suffer an injury-in-fact"); *Bowen-Hay v. Ocwen Loan Servicing, LLC*, No. 8:20-cv-170-T-36CEH, 2020 WL 5747187, at *2–3 (M.D. Fla. Sept. 25, 2020) (finding that a plaintiff had no Article III standing to bring claims arising out of a mortgage loan to which they were not a party at the time of the alleged injuries); *McAdory-Conner v. Cooper*, No. 1:18-CV-0768-TWT-JFK, 2018 WL 3702465, at *6 (N.D. Ga. Apr. 5, 2018), *report & rec. adopted by* 2018 WL 3862507 (N.D. Ga. Aug. 14, 2018) (finding that a plaintiff did "not have [Article III] standing to bring the claims asserted in the complaint all of which rise out of the Security Deed, Note and Assignment and foreclosure related to [another person's] mortgage on [a] property."); *Ocampo v. Carrington Mortg. Servs., LLC*, 288 F. Supp. 3d 1327, 1332 (S.D. Fla. 2017) (finding that a plaintiff did not have Article III standing to assert claims arising out of attempted loan modification proceedings with a mortgagee because, at the time of the proceedings, "he no longer had an ownership interest in the Property or any obligation under the Note"). *Cf. Live Entm't, Inc. v. Digex, Inc.*, 300 F. Supp. 2d 1273, 1277–80 (S.D. Fla. 2003) (dismissing complaint for lack of Article III standing where plaintiff was not either a party or assignee of contracts at issue).

    To be sure, a plaintiff's non-party status to a contract does not always itself defeat their Article III standing to assert claims related to it: "[W]hen jurisdiction is

13

otherwise proper, there is no inherent bar prohibiting a stranger to a contract from asking the court to interpret a contract that has bearing on its case." *Yellow Pages Photos, Inc. v. Ziplocal, IP*, 795 F.3d 1255, 1266 (11th Cir. 2015) (quoting *Excel Willowbrook, L.L.C. v. JP Morgan Chase Bank, Nat'l Ass'n*, 758 F.3d 592, 604 (5th Cir. 2014)). "In [a] diversity, breach-of-contract action, the standing analysis converges under Article III and state law because 'the question of whether, for [Article III] standing purposes, a non-party to a contract has a legally enforceable right therein is a matter of state law.'" *Stinson v. Twin Pines Coal Co.*, No. 1:14-CV-334-WKW[WO], 2014 WL 4472605, at *4 (M.D. Ala. Sept. 11, 2014) (alterations added and in original) (quoting *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 981 (11th Cir. 2005)).

To determine whether Plaintiffs, as non-parties, may have a legally enforceable interest in the security agreement between Quick Wave and Civic, and in the negotiations with Civic's assignees as to the modification of the agreement, the Court must look to state law. In Georgia, the law is clear that a "member of a limited liability company . . . is considered separate from the company and is not a proper party to a proceeding by . . . a limited liability company, solely by reason of being a member of" the company. *Milk v. Total Pay & HR Sols., Inc.*, 634 S.E.2d 208, 211 (Ga. Ct. App. 2006) (quoting *Yukon Partners v. Lodge Keeper Grp.*, 572 S.E.2d 647, 651 (Ga. Ct. App. 2002)) (finding that the sole member of an LLC could

not be held personally liable for a debt related to a contract entered into by the LLC where he did not sign or otherwise guarantee the debt); *see also* O.C.G.A. § 14-11-303. Because similar rules exist in many states, federal courts around the country "have routinely found that a member of an LLC does not have [Article III] standing to sue on behalf of the LLC for an injury caused to the LLC" where they cannot show any independent injury of their own. *Varricchio v. Chalecki*, No. 3:14-CV-00937 (MPS), 2016 WL 5422046, at *5 (D. Conn. Sept. 28, 2016) (collecting authority); *see also Woods View II, LLC v. Kitsap Cty.*, 484 F. App'x 160, 161 (9th Cir. 2012) (citing *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1057 (9th Cir. 2002) ("[I]njury to the corporation is not cognizable as injury to the shareholders, for purposes of the standing requirements.")); *United States v. All Funds in Account of Property Futures, Inc.*, 820 F. Supp. 2d 1305, 1326–29 (S.D. Fla. 2011) (citing *United States v. Real Property Associated with First Beneficial Mortg. Corp.*, No. 3:08cv285, 2009 WL 1035233 (W.D.N.C. Apr. 16, 2009)), *aff'd sub nom. United States v. ADT Sec. Servs., Inc.*, 522 F. App'x 480 (11th Cir. 2013) (finding that members of an LLC had no Article III standing to challenge the civil forfeiture of LLC property).

Accordingly, the undersigned finds that Plaintiffs are not the parties in interest with standing to assert the property and contractual claims in the Complaint. Because this finding deprives the Court of subject matter jurisdiction over any remaining

issues, the Court is powerless to consider the merits of any Defendant's substantive grounds to dismiss. For example, Defendant Morgan Stanley's Motion challenges whether Civic's statements to Quick Wave regarding the refinancing of its loan can establish promissory estoppel, whether Defendants engaged in any unfair or fraudulent business practices and/or breached fiduciary duties, and whether or not certain Defendants are proper parties to this action. The Court cannot entertain any of these substantive arguments because it has concluded that Plaintiffs lack standing to sue and the Court thereby lacks subject matter jurisdiction in the first place.

While the Defendants differ in whether they request dismissal under Rule 12(b)(1) and/or 12(b)(6), it is clear that the Court must base its recommendation for dismissal on Rule 12(b)(1) for lack of jurisdiction. Indeed, the Court would be obliged to dismiss for lack of jurisdiction even *sua sponte* regardless of whether or how a Defendant asserts a challenge. The proper course here is to dismiss the Complaint without prejudice to the claims being re-asserted by the proper party-in-interest.

### III.   RECOMMENDATION

For the reasons discussed above, **IT IS RECOMMENDED** that the Motions to Dismiss [3][5] be **GRANTED** and that this case be **DISMISSED WITHOUT**

**PREJUDICE** for re-filing by a proper party-in-interest with standing to bring these claims.

**IT IS SO RECOMMENDED** this 18th day of February, 2021.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE